[Civ. No. 24644. Second Dist., Div. Two. May 2, 1961.]

A. L. WIRIN, Appellant, v. HAROLD J. OSTLY, as County Clerk, etc., Respondent.

A. L. Wirin, in pro. per., Fred Okrand, Abraham Gorenfeld and Richard W. Petherbridge for Appellant.

Rudolph Pacht and Albert M. Bendich as Amici Curiae on behalf of Appellant.

Harold W. Kennedy, County Counsel, and Ronald L. Schneider, Deputy County Counsel, for Respondent.

McMURRAY, J. pro tem.*—The plaintiff sought a declaratory judgment that he was entitled to hold the office of notary public without subscribing to certain portions of the oath set forth in article XX, section 3, of the Constitution of the State of California, and that defendant Harold J. Ostly, as County Clerk of the County of Los Angeles, was without legal authority to refuse to administer the oath in the modified form in which plaintiff was willing to take the oath or to refuse to transmit the certificate required by section 8213 of the Government Code. From a judgment for the defendant, this appeal is taken.

Appellant was willing to take that part of the oath which reads as follows:

"I, —————, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States and the Constitution of the State of California against all enemies, foreign and domestic; that I will bear true faith and allegiance to the Constitution of the United States and the Constitution of the State of California; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties upon which I am about to enter."

The appellant refused to take that portion of the oath which reads as follows:

"And I do further swear (or affirm) that I do not advocate, nor am I a member of any party or organization, political or otherwise, that now advocates the overthrow of the Government of the United States or of the State of California by force or violence or other unlawful means; that within the five years immediately preceding the taking of this oath (or affirmation), I have not been a member of any party or organization, political or otherwise, that advocated the overthrow of the Government of the United States or of the

---

*Assigned by Chairman of Judicial Council.

State of California by force or violence or other unlawful means except as follows: _____

(if no affiliations,

_____ and that during such
write in the words ''No Exceptions'')

time as I hold the office of Notary Public I will not advocate nor become a member of any party or organization, political or otherwise, that advocates the overthrow of the Government of the United States or of the State of California by force or violence or other unlawful means.''

The issue here presented to this court is whether the respondent county clerk may require a candidate for the office of notary public to take the oath prescribed in article XX, section 3 of the Constitution of this State, or whether said oath unconstitutionally abridges freedom of speech, freedom of conscience, freedom of religion, freedom of thought, the right of privacy of opinion, without due process, in violation of the First and Fourteenth Amendments to the Constitution of the United States.

At the trial of the action, appellant testified that he could not subscribe to the indicated portions of the oath because of his religious beliefs and the tenets of his church in regard to test oaths. The appellant in court testified that he does not advocate nor is he ''. . . a member of any party or organization, political or otherwise, that now advocates the overthrow of the Government of the United States or of the State of California by force or violence or other unlawful means. . . .'' He further testified that within the five years immediately preceding his testimony in court he had not been a member of any party or organization that advocated the overthrow of either of the above governments by force or violence, and further testified that he would not, during his term of office, advocate the overthrow of either government by force or violence.

To support his contentions, appellant cites many authorities, the United States Constitution, decisions of federal courts, the California Constitution, many California statutes, codes and court decisions, several texts, transcripts of hearings before subcommittees of the federal Congress and of the California Legislature, and excerpts from magazines and newspapers, including campaign speeches by candidates for the presidency.

Despite this wealth of authorities, it would appear that the constitutionality of the particular oath here ques-

tioned was upheld by the Supreme Court of this state in *Pockman* v. *Leonard*, 39 Cal.2d 676 [249 P.2d 267]. The only difference we can discern is that in the Pockman case the oath objected to was, at that time, contained in a Government Code section and was in addition to the then provided constitutional oath of office. The fact that this oath has since been adopted into the state constitution would seem in no way to detract from the validity and effect of the holding in the Pockman case.

 Certain arguments by appellant to the effect that a notary public is an unimportant type of public officer were answered by the Pockman case at pages 683-684 where it is said, in treating with the there respondent's suggestion that public officers be divided into two classes, one of which should be designated "inferior officers": "We are unable to find any place where a line can reasonably be drawn so as to place some positions within and others outside the constitutional prohibition, and, in our opinion, there is no justification for excluding any public servants from its protection. The prohibition should therefore be read as applying to every state and local officer and employee. This construction is in accord with the basic purpose of safeguarding the public and its servants by forbidding oaths and declarations regarding matters that bear no reasonable relationship to governmental service and particularly those that involve political and religious beliefs. Persons in the lower levels of government are just as much entitled to this protection as those in higher positions. Any other interpretation of the prohibition would lead to the absurd result that the relatively few persons who occupy the most important positions could be required to take only the constitutional oath, while those who work under them and execute their orders could be compelled to submit to various other oaths, declarations and tests." (P. 684.)

 The Pockman case, at page 686, would seem to dispose of appellant's contention that the oath required here is a test of religious opinion where in dealing with such oath it is said that it ". . . is obviously not a test of religious opinion. Neither does it compel disavowal of any political belief or membership in any named political party. While it requires the affiant to swear that he does not advocate, or belong to any party or organization which advocates overthrow of the government by force or violence or other unlawful means, these may not properly be called matters of

political opinion. The word 'political' imports orderly conduct of government, not revolution, and the term is not applicable to advocacy of a belief in overthrow of the government by force or violence.''

In view of the concise holding in *Pockman* v. *Leonard, supra,* judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 21, 1961.